OPINION OF THE COURT
Benjamin Glass, J.
The issue to be decided in a felony hearing is whether the "possession” of a loaded gun found on the defendant’s person constituted a felony or a misdemeanor as defined in subdivision (4) of section 265.02 of the Penal Law.
The facts, as testified to, by the arresting officer, who was the only witness in the hearing, seem to indicate a case of first impression and are rather novel.
The defendant was arrested after the police, in response to a *30 radio call, found him asleep and apparently intoxicated lying with half of his body on the stoop and half in the inner hallway of a two-family house. The defendant resides on the first floor of the two-story house and there is no dispute as to the gun being found on his person (a 32-caliber loaded revolver).
The issue then presented to this court is whether the possession of the weapon, under the above facts, was in his "home,” which constitutes a misdemeanor or elsewhere, which would be felonious.
Section 265.02 of the Penal Law states in pertinent part: "A person is guilty of criminal possession of a weapon in the third degree when * * * (4) He possesses any loaded firearm. Such possession shall not * * '* constitute a violation of this section if such possession takes place in such person’s home or place of business. Criminal possession of a weapon in the third degree is a class D felony.”
Section 5.00 of the Penal Law states that "The general rule that a penal statute is to be strictly construed does not apply * * * the provisions * * * must [however] be construed according to the fair import of their terms to promote justice and effect the objects of the law.”
Implicit in the decision to be made by this court involves the legal definition of the word "home,” under the facts hereinabove described. This must necessarily include the related terms "environs” and "curtilage.”
Webster’s dictionary defines "environs” as the suburbs round about a place, hence surroundings. Black’s Law Dictionary (4th ed) defines "curtilage” as the inclosed space of grounds and buildings immediately surrounding a dwelling house; a space necessary and convenient and habitually used for the family purposes.
Black’s Law Dictionary (supra) defines "home” as one’s own dwelling place; the house in which one lives. In this context it must also be noted that the antonym, or opposite of home, in the common usage, is a public place which is defined in section 240.00 of the Penal Law as a place to which the public or a substantial group of persons have access and includes, but is not limited to highways, schools, parks and hallways, lobbies and other portions of apartment houses and hotels. The word "home” is not actually defined in the Penal Law.
Subdivision 6 of section 4 of the Multiple Dwelling Law
*31 defines a private dwelling as any building or structure designed and occupied exclusively for residence purposes by not more than two families.
The above definitions lead to the inescapable conclusion that the hallway and porch or stoop of the defendant’s two-family house are not public places. That the area in which he was found is part of the curtilage of his home (Walker v United States, 225 F2d 447; United States v Mullin, 329 F2d 295; People v Terrell, 53 Misc 2d 32).
In the case of People v Merced (NYLJ, May 21, 1976, p 11, col 4), Mr. Justice O’Connor, in deciding that a loaded pistol found within the fenced-in driveway of defendant’s home was "within defendant’s home,” the purview of the estate, he stated, was " '[t]he concept of the sanctity of the home is well established in our law and in many areas of criminal law a criminal act performed in a home is considered to be of a less severe degree than if committed elsewhere. Thus while the legislature prohibits the improper possession of a firearm, the penalty for said possession in the home is not as great as outside.’ * * * It would seem totally inconsistent to limit the definition of a home to be that area surrounded by four walls covered by a roof and to exclude therefrom a backyard, a driveway or a porch.”
Accordingly, this court finds that the possession of the firearm by the defendant herein was in the defendant’s home and therefore a misdemeanor charge is appropriate.